IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE FLY, # K-88451, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-1268-SMY |
| ) | |
| CHERYL BROWN, ) | |
| DAN WILLIAMS, ) | |
| and VANCE CORRECTIONAL ) | |
| HEALTH CARE, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff is currently incarcerated at Robinson Correctional Center ("Robinson"), where he is serving a seven-year sentence for a drug offense. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on alleged violations of his constitutional rights while he was a pretrial detainee at the Jefferson County Jail ("the Jail"). He claims that Defendants, health care providers at the Jail, were deliberately indifferent to his serious medical condition and violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.

According to Plaintiff's complaint, he had surgery in 2010 or 2011 followed by a lengthy hospitalization and a stay in a nursing facility for rehabilitation. When he returned home, he was prescribed oxygen and several medications. Plaintiff has continued to need and use oxygen since that time (Doc. 1, p. 6). He says the oxygen is essential in helping him to breathe.

Plaintiff was arrested in November 2013 and taken to the Jail, where he informed Defendant Brown (the head nurse) about his need for oxygen and his other medications. However, she did not check with his doctor, refused to put Plaintiff on oxygen, and refused to

provide some of his medications (Doc. 1, p. 7).  Plaintiff's cellmate, however, received oxygen. When Defendant Brown overheard Plaintiff complaining to a visitor about this problem, she told him, "I do not have to go by what your doctor says." *Id*.

Three months went by before Plaintiff was allowed to see the Jail's doctor, Defendant Williams.  He also failed to provide Plaintiff with the oxygen he needed.  Plaintiff argues that the Defendants' refusal to give him oxygen was cruel and unusual punishment and violated the ADA.

At some point, Defendant Brown changed Plaintiff's blood pressure medication.  Later, when Plaintiff was transferred to Graham Correctional Center, the doctor there said he should never have been on that medicine and switched him to a different prescription (Doc. 1, pp. 7-8).

Finally, Plaintiff complains that Defendant Vance Correctional Health Care, the medical provider for the jail, has a policy to charge Jefferson County Jail inmates for the cost of their medications (Doc. 1, p. 8).  In contrast, he claims that inmates in other county jails such as Will, DuPage, and Cook Counties, are not charged for medications.  He argues that this differential treatment is discriminatory and violates his Fourteenth Amendment rights to equal protection and due process.

Plaintiff seeks compensatory damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Brown and Williams for deliberate

indifference to medical needs, for their refusal to provide Plaintiff with oxygen that he needed in order to breathe (**Count 1**).  He may also proceed on his ADA claim against Defendants Brown and Williams, in their official capacities, for the same conduct (**Count 2**).

However, Plaintiff fails to state a claim upon which relief may be granted against Defendant Brown for refusing to provide him with other prescription medicines (**Count 3**) or for changing his blood pressure medication (**Count 4**).  Likewise, no constitutional claim is stated against Defendant Vance Correctional Health Care for charging a fee for prescriptions (**Count 5**).  Those claims shall be dismissed.

## Count 1 – Deliberate Indifference to Serious Medical Needs

Civil rights claims by pretrial detainees arise under the Due Process Clause of the Fourteenth Amendment.  *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)).  *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).  Pretrial detainees are afforded "*at least* as much protection as the constitution provides convicted prisoners," yet the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'"  *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005) (emphasis in original) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999), and citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)).  Thus, in order to state a claim for deliberate indifference to his medical needs, Plaintiff's complaint must show that:  (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it.  *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir.

2002). *See also Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Eighth Amendment does not, however, give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of a constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques).

Plaintiff's chronic breathing problem which required supplemental oxygen satisfies the first component of his deliberate indifference claim – that he suffered from an objectively serious condition. Further factual development will be necessary in order to determine whether the conduct of either individual Defendant (Brown or Williams) rose to the level of a constitutional violation.

**<u>Count 2 – Americans With Disabilities Act</u>**

Title II of the ADA prohibits "public entities" from denying qualified individuals with disabilities the opportunity to participate in the services, programs, or activities of the public entity because of their disabilities, and prohibits discrimination against disabled individuals by a public entity. 42 U.S.C. § 12132. A public entity is defined in the Act as "a state or local government," or any "department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12132(1). The Jail fits within this definition.

To successfully assert a claim under Title II, a plaintiff must establish three elements:

"(1) that he . . . has a qualifying disability; (2) that he . . . is being denied the benefits of services, programs, or activities for which the public entity is

>responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his . . . disability."

*Culvahouse v. City of LaPorte*, 679 F. Supp. 2d 931, 937 (N.D. Ind. 2009) (citing *Frame v. City of Arlington*, 575 F.3d 432, 435 (5th Cir. 2009)) (quotation marks omitted); *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996).  As to the second element, a plaintiff "may establish discrimination by presenting evidence that the defendant intentionally acted on the basis of the disability, the defendant refused to provide a reasonable modification, or the defendant's denial of benefits disproportionately impacts disabled people."  *Culvahouse*, 679 F. Supp. at 937 (relying upon *Washington v. Ind. High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 847 (7th Cir. 1999)).

Based on his physical condition of having a breathing impairment, Plaintiff may be considered a qualified disabled person for ADA purposes. 42 U.S.C. § 12102(1).  Because he is no longer confined at the Jail, any request for injunctive relief that might have been sought under Title II of the ADA has now become moot.  However, damages may be available under the ADA, thus it would be premature to dismiss Count 2 at this time.  This claim shall receive further consideration, however, the ADA claim shall proceed against Defendants Brown and Williams in their official capacities only.

**<u>Dismissal of Count 3 – Denial of Other Medications</u>**

Plaintiff did not say which medications were denied to him by Defendant Brown, nor did he explain what condition(s) those drugs were prescribed to treat.  He gave no information to enable the Court to evaluate whether the denial of his medications placed him at risk of serious harm to his health or exacerbated any symptoms.  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Without more,

Plaintiff's complaint fails to suggest that Defendant Brown's denial of his medications amounted to deliberate indifference to a serious medical need. This claim shall therefore be dismissed without prejudice.

**Dismissal of Count 4 – Alteration of Blood Pressure Medicine**

Defendant Brown's substitution of Plaintiff's former blood pressure medication for a different drug also did not constitute deliberate indifference. At most, this incident demonstrates a difference of opinion between medical professionals (Defendant Brown and the doctor at Graham) regarding the appropriate treatment for Plaintiff's medical condition. Such a difference of opinion concerning the treatment of an inmate will not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001). Accordingly, Count 4 shall be dismissed with prejudice.

**Dismissal of Count 5 – Fee for Medications**

An inmate's constitutional rights are not violated by the collection of a fee for medical or dental services provided in prison or jail. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution").

Further, Plaintiff's allegations do not suggest that he was denied equal protection or suffered discrimination because of Defendant Vance Correctional Health Care's policy of charging for medications.

> [T]he "Equal Protection Clause has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers . . . ." *Briscoe v. Kusper*, 435 F.2d 1046, 1052 (7th Cir. 1970). A plaintiff "must demonstrate intentional or purposeful discrimination" to show an equal protection violation. *Bloomenthal v. Lavelle*, 614 F.2d 1139, 1141 (7th Cir. 1980) (per curiam). "'Discriminatory purpose' however, implies more than intent

> as volition or intent as awareness of consequences." *Pers. Adm'r of Mass. v. Feeny*, 442 U.S. 256, 279, 99 S. Ct. 2282, 2296, 60 L. Ed. 2d 870 (1979). It implies that the decision-maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on an identifiable group. *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

*David K. v. Lane*, 839 F.2d 1265, 1271-72 (7th Cir. 1988).

There is no indication that Defendant Vance Correctional Health Care, or the Jefferson County government, adopted their fee policy in an effort to single out certain inmates for disparate treatment. To the contrary, it appears that all inmates in the Jail are equally subject to the payment policy. There is no requirement that each of the many county jails throughout Illinois must adopt an identical policy with regard to medical care. County governments operate autonomously from one another. The fact that one county jail charges its inmates for prescription drugs and another does not, will not support a Fourteenth Amendment claim.

Count 5 shall be dismissed with prejudice, and Defendant Vance Correctional Health Care shall be dismissed from the action.

**<u>Pending Motion</u>**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) shall be addressed in a separate order, after receipt of Plaintiff's inmate trust fund statements for the six months preceding the filing of this action. If Plaintiff does not comply with the order to produce those statements by January 9, 2015 (Doc. 6), this action shall be subject to dismissal.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on those Defendants who remain in the action. No service shall be made on the dismissed Defendant.

**Disposition**

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNTS 4 and 5** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendant **VANCE CORRECTIONAL HEALTH CARE** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **BROWN** and **WILLIAMS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: December 2, 2014**

                                    s/ STACI M. YANDLE
                                    United States District Judge